**UNITED STATES COURT OF APPEALS**

March 29, 2012

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RAUL ALONSO ZUNIGA-
CASTILLO,

      Defendant - Appellant.

No. 11-4205
(D.C. Nos. 2:09-CV-01127-TS &
2:07-CR-00130-TS-1)
(D. Utah)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Raul Alonso Zuniga-Castillo, a.k.a. Ernesto Castrejon, a federal inmate

proceeding pro se, seeks a Certificate of Appealability ("COA") so that he may

appeal the district court's denial of his 28 U.S.C. § 2255 motion. 28 U.S.C.

§ 2253(c). Because the district court denied Mr. Zuniga-Castillo's motion based

upon his waiver of collateral review, Mr. Zuniga-Castillo must demonstrate not

only that the district court's procedural ruling was reasonably debatable, but also

that his motion contained reasonably debatable constitutional claims. Slack v.

McDaniel, 529 U.S. 473, 484 (2000).

Mr. Zuniga-Castillo was charged in a nine-count indictment in February 2007 with possession with intent to distribute various drugs, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by an illegal alien. After some debate regarding whether he possessed a firearm, Mr. Zuniga-Castillo ultimately pleaded guilty to two counts and waived his right to appeal or collaterally attack his sentence. He was sentenced in January 2009 to 136 months' custody.

In December 2009, Mr. Zuniga-Castillo filed a § 2255 motion alleging ineffective assistance of counsel based upon his counsel's failure to: (a) challenge the arrest warrant, (b) seek suppression of the firearm and drugs, and (c) seek a reduction in sentence. In reply to the government's response, Mr. Zuniga-Castillo abandoned all issues except suppression of the gun and drugs. 1 R. 184. For the first time, he argued that he should be permitted to withdraw his plea because he did not possess the firearm and because counsel was ineffective in failing to move for suppression of the drugs. 1 R. 185, 193-94. On appeal, he claims that his plea was involuntary and a product of ineffective assistance of counsel.

Although we construe Mr. Zuniga-Castillo's pleadings liberally, he still must follow the same rules of procedure that govern other litigants. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). Mr. Zuniga-Castillo did not raise any argument about withdrawal of his plea until his reply, and the argument is therefore waived. See United States v. Moya-Breton, 439 F.

App'x 711, 715 (10th Cir. 2011) (unpublished) (a "district-court traverse . . . like a reply brief, is not a proper vehicle to raise a new issue").[1]  Moreover, he has not addressed the scheme under which we analyze challenges to collateral attack waivers.  See United States v. Hahn, 359 F.3d 1315, 1325-27 (10th Cir. 2004).

We DENY Mr. Zuniga-Castillo's request for a COA and DISMISS his appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[1]  Cited for its persuasive value per Tenth Circuit Rule 32.1.