**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 18, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

ALFONSO MOYA-BRETON,

      Defendant - Appellant.

No. 12-4127
(D.C. Nos. 2:10-CV-00801-TC and
2:06-CR-00672-TC-2)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

    Alfonso Moya-Breton was convicted by a jury of a variety of drug-related charges. *United States v. Moya-Breton*, 329 F. App'x 839, 840 (10th Cir. 2009). He was sentenced to imprisonment for 360 months. *Id.* We affirmed his conviction on direct appeal. *Id.* at 846.

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

He subsequently filed a 28 U.S.C. § 2255 motion for post-conviction relief arguing he had not received effective assistance of counsel. As pertinent to this appeal, he claimed his trial counsel "fail[ed] to . . . disclose a plea offer with the government." (R. at 8.) He argued his trial attorney was constitutionally required to bring the terms of any plea offer to his attention. *See Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012) (concluding defense counsel has a "duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused"); *Lafler v. Cooper*, 132 S. Ct. 1376, 1386 (2012) (concluding ineffective assistance during plea bargaining is not cured by a subsequent fair trial if it results in "either a conviction on more serious counts or the imposition of a more severe sentence").

Denying the motion, the district court concluded there was no plea deal to disclose. The court based its conclusion on the factual recitation in Moya-Breton's motion: "[W]hen he discussed the possibility of a plea offer with his attorney, his attorney told him that he had attempted to negotiate a plea with the government but 'the government had not returned his calls.'" (R. at 153.) It also denied his request for a certificate of appealability (COA). He then requested a COA from this court; we denied his request and dismissed his appeal. *United States v. Moya-Breton*, 439 F. App'x 711, 716 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 1775 (2012).

Moya-Breton then filed a Fed. R. Civ. P. 60(b) motion in the district court. The motion quibbled with several aspects of the district court's denial of his § 2255 motion. However, it also claimed fraud in the § 2255 proceeding where, he claims, it was

represented to the court that there was no offer of a plea agreement.  The claim was

supported by a new document—a letter from the U.S. Attorney's office to his trial

counsel—which he obtained under the Freedom of Information Act.  The letter offers a

plea deal to his trial counsel:

> Please find enclosed a proposed plea agreement for your client's consideration in the above case.
>
> I realize that Mr. Moya-Breton is facing substantial prison time under either a plea of guilty or a guilty verdict at trial. However, under the proposed agreement, the government would move to dismiss the 924(c) charge, which saves some time. But more importantly, with a plea, your client would save himself substantial time by receiving deductions in his guideline range for acceptance of responsibility. *By my calculations, acceptance of responsibility could mean as much as a 6-year reduction in Mr. Moya's sentence.*
>
> Please let me know how your client wishes to proceed. . . .

(R. at 247 (emphasis added).)

The district court did not address the fraud allegation.  Instead, because the motion

advanced several arguments for relief that were properly considered under the standards

applicable to second or successive § 2255 motions, it treated the whole motion as a

second § 2255 motion.  Since Moya-Breton had not obtained our necessary certification

for filing such a motion, *see* 28 U.S.C. § 2255(h), the district court dismissed it for lack

of jurisdiction.  It also denied his request for a COA.

## DISCUSSION

Proceeding pro se[1] and in forma pauperis, Moya-Breton contends the district court erred in dismissing his motion because, in his view, its allegation of fraud in the § 2255 proceeding is properly raised under rule 60(b).[2] We agree. The rule 60(b) motion was not a model of clarity and, unfortunately, the district court did not distinguish the motion's fraud allegation (inaccurate representations about a plea offer) from its other assertions. That is a problem.[3]

"Rule 60(b) allows a party to seek relief from a final judgment . . . under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005); *see* Fed. R. Civ. P. 60(b). However, because 28 U.S.C. § 2255 places limits on second (or successive) § 2255 motions, we must carefully examine rule 60(b) motions in the post-conviction context to ensure they do not advance claims foreclosed by these limits. *See Gonzalez*, 545 U.S. at 529-30 (§ 2554 petitions); *Peach v. United States,* 468 F.3d at 1271 (§ 2255 motions). As pertinent

---

[1] We liberally construe his pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] Although Moya-Breton reapplies for a COA here, he does not need a COA. "[A] COA is not required . . . simply to determine whether the motion is, in fact, a second or successive [§ 2255 motion] and, if so, whether it should be authorized." *Spitznas v. Boone*, 464 F.3d 1213, 1218-19 (10th Cir. 2006); s*ee Peach v. United States*, 468 F.3d 1269, 1272 (10th Cir. 2006). Since we address only this question, a COA is unnecessary, and we deny his re-application as moot.

[3] Moya-Breton apparently recognizes that, aside from his fraud argument, the arguments in his rule 60(b) motion amounted to second or successive § 2255 claims requiring permission from this court before they could be considered. *See* 28 U.S.C. § 2255(h). The only argument he presses on appeal is fraud.

here, when a rule 60(b) motion asserts "some defect in the integrity of the federal habeas proceedings," the assertion is properly analyzed as a rule 60(b) motion rather than a second or successive § 2255 motion. *Gonzalez*, 545 U.S. at 532. Fraud is such a defect. *See id.* n.5.

Here, because Moya-Breton's rule 60(b) motion alleged fraud in the § 2255 proceeding, the motion is properly cognizable, at least in part, as a rule 60(b) motion rather than a § 2255 motion. The letter from the U.S. Attorney undercuts the district court's apparent understanding that there was no plea agreement for defense counsel to disclose. The letter's existence also suggests a need for an explanation from the government, which did not mention the plea agreement referred to in the letter in its response to Moya-Breton's § 2255 motion. Likewise, defense counsel should, perhaps, explain or clarify why he told Moya-Breton the government was not interested in making a plea deal.[4] *Moya-Breton*, 439 F. App'x at 713.

---

[4] Assuming Moya-Breton can demonstrate fraud justifying rule 60(b) relief, he may have some difficulty demonstrating he was prejudiced by his trial counsel's acts or omissions. To show prejudice from a failure to disclose a plea offer, a defendant must show "a reasonable probability [he or she] would have accepted the . . . plea offer" and "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Frye*, 132 S. Ct. at 1409. Here, the 18 U.S.C. § 924(c) gun charge that the prosecutor offered to drop in exchange for Moya-Breton's guilty plea was nevertheless dismissed prior to trial because it had been incurably mischarged. *Moya-Breton*, 329 F. App'x at 840 n.1. It is tempting to conclude that there could be no prejudice because, regardless of the reason, Moya-Breton got what he was offered. However, had he accepted the plea offer, there was a possibility of an acceptance of responsibility reduction, as the government noted in its letter. On the other hand, at least according to his trial counsel, Moya-Breton repeatedly stated his disinclination to tender a guilty plea or cooperate with the government in exchange for a lesser sentence. *See also Titlow v. Burt,* 680 F.3d 577, 588 (6th Cir. 2012) ("A

Because Moya-Breton's fraud allegation suggests a "defect in the integrity of the federal habeas proceedings," *see Gonzalez*, 545 U.S. at 532, the district court had jurisdiction to consider it. Therefore, the proper course is to "remand to permit the district court to address the true [r]ule 60(b) issue[] in the first instance." *Spitznas,* 464 F.3d at 1219. We reverse the district court's dismissal of the rule 60(b) motion and remand the case for consideration of the fraud allegation.

REVERSED AND REMANDED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

defendant's conduct and statements during plea negotiations may also factor into our prejudice analysis."), *cert. granted*, 81 U.S.L.W. 3276 (U.S. Feb. 25, 2013) (No. 12-414).

Because the prejudice issue will require the district court to resolve questions of fact, we express no opinion about the merits of his entitlement to relief. The record does not permit us to resolve the issue. *Compare Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995) (noting we can affirm on "any ground[] for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court") (quotation marks omitted).