**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 24, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GLEN TAYLOR HERGET,

    Defendant - Appellant.

No. 14-6128
(D.C. Nos. 5:13-CV-01273-F and
5:11-CR-00081-F-1)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **McKAY,** and **MATHESON**, Circuit Judges.

---

Glen Herget, a federal prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's denial of his motion to vacate, set

aside, or correct his sentence under 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2253(c)(1)(B)

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Herget is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

(requiring a COA to appeal an order denying a § 2255 petition). Exercising jurisdiction under 28 U.S.C. § 1291, we deny Mr. Herget's request and dismiss this matter.

## I. BACKGROUND

Mr. Herget pled guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). Under a plea agreement, the Government agreed to drop nine other charges in exchange for his guilty plea. Mr. Herget reserved the right to appeal any sentence above the advisory guideline range.

Mr. Herget's prior child pornography conviction subjected him to a 15-year mandatory minimum sentence, which changed his advisory guideline range from 168 to 210 months to 180 to 210 months. The sentencing court varied upward and sentenced Mr. Herget to 240 months in prison. Mr. Herget appealed, and we affirmed the sentence as procedurally and substantively reasonable. *United States v. Herget*, 499 F. App'x. 743 (10th Cir. 2012) (unpublished).

Mr. Herget filed a § 2255 motion in the district court challenging his conviction and sentence. He claimed (1) his trial counsel was ineffective, (2) the sentencing court abused its discretion by imposing a 240-month sentence, and (3) the sentencing court violated his due process rights by subjecting him to a 15-year mandatory minimum sentence based on his prior child pornography conviction.

The district court denied Mr. Herget's § 2255 motion. First, the court declined to consider his ineffective assistance of counsel arguments because Mr. Herget waived his

right to appeal or collaterally attack his conviction and sentence. The court explained that although such a waiver is not enforceable regarding a claim of ineffective assistance in negotiating or entering into the plea or waiver, *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), Mr. Herget did not assert such a claim until his reply brief in the district court. The court added that if it reached those claims, Mr. Herget had failed to carry his burden of demonstrating a reasonable probability he would not have pled guilty but for counsel's errors. Second, the district court said it was precluded from addressing Mr. Herget's challenge to the reasonableness of his sentence because this court had disposed of it on direct appeal. *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). Finally, the district court determined it could not revisit the 15-year mandatory minimum sentence because Mr. Herget had failed to challenge it at his change of plea hearing, at his sentencing hearing, or on direct appeal. *See United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).

## II. **DISCUSSION**

### A. *Legal Background*

To challenge the district court's order denying his § 2255 petition, Mr. Herget must receive a COA. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010). To receive a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Because the district court rejected Mr. Herget's claims on

procedural grounds, he must demonstrate as to those claims "both that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (quoting *Slack,* 529 U.S. at 484).

Mr. Herget's claims each run afoul of one or more of the following procedural rules. First, we consider arguments waived if they were not in the party's opening brief in the district court, and we generally do not address them. *United States v. Moya-Breton*, 439 F. App'x 711, 715 (10th Cir. 2011) (unpublished) (observing a "district-court traverse, . . . like a reply brief, is not a proper vehicle to raise a new issue");[2] *see Anderson v. U.S. Dep't of Labor*, 422 F.3d 1155, 1174-75 (10th Cir. 2005) ("An issue not included in either the docketing statement or the statement of issues in the party's initial brief is waived on appeal." (internal quotations and citation omitted)). Second, we do not consider arguments we have disposed of on direct appeal. *Prichard*, 875 F.2d at 791. Finally, we do not consider arguments that could have been raised on direct appeal but were not. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (holding claims that "can be fully and completely addressed on direct review based on the record" are generally procedurally barred from collateral review).

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. *See* Fed. R. App. 32.1; 10th Cir. R. 32.1.

B. *Analysis*

In his application for COA, Mr. Herget reasserts the same three claims he raised in the district court. We conclude his claims are procedurally barred and deny his COA requests.

First, Mr. Herget did not allege a non-waivable ineffective assistance of counsel claim until his district court reply brief. Under *Anderson*, we generally consider such a claim waived, and we do not consider it here. *See Anderson*, 422 F.3d at 1174-75.[3]

Second, we are procedurally barred from hearing Mr. Herget's claim that the upward variance was based on protected speech. As a preliminary matter, Mr. Herget did not articulate his First Amendment claim until his reply brief in the district court, and so we consider it waived. *Anderson*, 422 F.3d at 1174-75. Furthermore, our earlier resolution of Mr. Herget's direct appeal bars us from evaluating the First Amendment claim now. To the extent Mr. Herget argued his claim on direct appeal, we have disposed of the issue and our review is barred by *Prichard*. *Prichard*, 875 F.2d at 791. To the

---

[3] On appeal, Mr. Herget argues the district court did not liberally construe his pro se claims regarding ineffective assistance of counsel. In his § 2255 motion, Mr. Herget claimed counsel "failed to inform [him] of all possible choices and outcomes" and "failed to seek a favorable sentence." Mot. To Vacate under § 2255, ROA, Vol. 1 at 12. He contends the motion should be construed to mean he realized after sentencing he was dissatisfied with the quality of his representation and the plea agreement. Aplt. Br. at 12.

We disagree, but even with a liberal construction, Mr. Herget's allegations do not make out an ineffective assistance of counsel claim. Even on appeal, Mr. Herget fails to allege sufficient facts. Aplt. Br. at 3-4. He has not shown his representation fell below the objective standard and prejudiced his defense under *Strickland v. Washington*, 466 U.S. 668 (1984), particularly when the potential repercussions of the plea agreement were explained to him in writing and at sentencing.

extent Mr. Herget did not fully raise the claim on direct appeal, we conclude he should have done so, and our review is precluded under *Bousley*. *Bousley*, 523 U.S. at 622. In either event, we do not resolve the claim at this stage. *See United States v. Warner*, 23 F.3d 287, 289 (10th Cir.1994) ("[T]he issues Defendant raised in his § 2255 motion had either been decided on direct appeal or should have been raised on direct appeal and were therefore procedurally barred.").

Third, Mr. Herget could have raised his due process challenge to his sentence on direct appeal. He did not, and *Bousley* precludes considering it at this stage of § 2255 habeas review. *Bousley*, 523 U.S. at 622; *see Warner*, 23 F.3d at 289.

Finally, Mr. Herget waived his right to bring a collateral attack in his plea agreement, which may not apply to his first issue but does foreclose his other two.[4]

III. **CONCLUSION**

For these reasons, reasonable jurists could not debate the district court's denial of

---

[4] Mr. Herget also argues the district court did not sufficiently analyze his claims, noting its opinion closely tracks language in the Government's brief. This argument does not overcome the procedural grounds to deny habeas relief discussed above. Moreover, the Government and the district court cited established legal principles that are routinely raised in § 2255 appeals. The principles were accurately applied, and we cannot conclude the district court inadequately considered Mr. Herget's claims.

Mr. Herget's § 2255 motion as to all three issues.  Accordingly, we reject Mr. Herget's

application for COA and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge